UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KELLY URELLA, for herself and as the representative of a class,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON NEW ENGLAND, INC; JOSEPH SANTOS; ROBERT SYMES; MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION; SUNILA THOMAS GEORGE, in her capacity as Chair and Commissioner of the MCAD; NELDY JEAN-FRANCOIS, in her capacity as Commissioner of the MCAD; MONSERRATE QUIÑONES, in her capacity as Commissioner of the MCAD; and DEIDRE HOSLER, in her capacity as Commissioner of the MCAD,<br><br>Defendants. | Civil Action No.<br>22-11606-FDS |

**MEMORANDUM AND ORDER ON MCAD DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, C.J.**

This is a claim for gender discrimination in violation of federal and state law. According to the complaint, plaintiff Kelly Urella was an employee of Verizon New England, Inc., who worked in a "clerical/office" position. She unsuccessfully sought employment in various "craft-related" positions, and contends that she was not hired in any of those positions because of her gender.

The amended complaint names as defendants Verizon New England, Inc.; Joseph Santos, a Verizon employee; Robert Symes, also a Verizon employee; the Massachusetts Commission

Against Discrimination ("MCAD"); Sunila Thomas George, the Chair of MCAD and a Commissioner; Neldy Jean-Francois and Monserrate Quiñones, both MCAD Commissioners; and Deidre Hosler, General Counsel of MCAD.[1]  All claims asserted against the individual MCAD defendants are asserted against them in their official capacity.

In substance, the complaint alleges that the MCAD violated plaintiff's constitutional rights to due process by accepting evidence *ex parte* from Verizon and resolving disputed facts in the company's favor without a hearing.

The MCAD defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)1) and 12(b)(6).  For the following reasons, the motion will be granted.

I.      **Background**

On November 18, 2018, plaintiff filed a complaint against Verizon with the MCAD alleging gender discrimination.  According to the complaint, Verizon allegedly made *ex parte* submissions of affidavits to the MCAD that misrepresented the subject matter of the dispute. (Am. Compl. ¶ 69).  During the proceeding, plaintiff sought leave to obtain discovery to obtain certain information from Verizon, such as the number of technical jobs at the company, the number of women employed in those jobs, practices that appeared to favor the male-dominated status quo, and whether entry level men were hired over plaintiff.  (*Id.* ¶ 71).  That motion was denied.  (*Id.* ¶ 72).

The MCAD eventually determined that plaintiff's complaint of gender discrimination lacked probable cause.  (*Id.* ¶ 77).  After she filed an appeal, the MCAD granted plaintiff a

---

[1] The amended complaint purports to name "Verizon" as a defendant, separate from Verizon New England, Inc., plaintiff's employer.  Defendant contends that "Verizon" is a brand name, not an actual entity.

preliminary hearing, following which the finding of lack of probable cause was affirmed.  (*Id.* ¶ 80).

The complaint alleges that the MCAD violated her procedural due-process rights under the Fourteenth Amendment by making a determination of lack of probable cause because it (1) accepted *ex parte* evidence from Verizon, (2) failed to permit complete discovery, and (3) resolved disputed facts in favor of Verizon without holding an evidentiary hearing.  (Am. Comp. Seventh Cause of Action).

The complaint seeks an order vacating the finding of lack of probable cause; a declaration that the MCAD's procedures violated Mass. Gen. Laws ch. 151B and the United States and Massachusetts Constitutions; and an injunction preventing the MCAD defendants from engaging in the complained-of procedures.  (Am. Comp., Prayers for Relief D-G).

## II.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.* at 555 (cleaned up).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences.  *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to

sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III.    Analysis

Under the Eleventh Amendment, "an unconsenting state is immune from suits brought in federal courts by her own citizens." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (internal quotation marks omitted); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .  As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  As state officials sued in their official capacity, the MCAD defendants are immune from suit in federal court.  *See Will*, 491 U.S. at 71.

There are three potential exceptions to that immunity.  "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power.  Second, a State may waive its sovereign immunity by consenting to be sued in federal court." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (citations omitted).  Neither of those two exceptions applies here.

Third, a plaintiff may seek *prospective* injunctive relief against a state official for an *ongoing* violation of federal law.  *See Rosie D. v. Swift*, 310 F.3d 230, 234 (1st Cir. 2002).  Here, the complaint seeks to vacate the finding of lack of probable cause and a declaration that its

procedures violated the federal and state constitutions, both of which are retrospective in nature and therefore do not fall within the exception. Despite the characterization in the complaint that it seeks injunctive relief to remedy an ongoing violation, in fact the MCAD proceeding has concluded, and all of the relief she seeks is actually retrospective, not prospective. The third exception accordingly does not apply.

It makes no difference that the complaint purports in part to seek declaratory relief. In *Green v. Mansour*, 474 U.S. 64 (1985), the Supreme Court rejected the argument that a plaintiff is "entitled to a declaratory judgment that [a defendant had] violated federal law in the past." *Id.* at 71-73 & n. 2. Thus, "[t]o avoid a partial 'end-run' around Eleventh Amendment immunity, any remedy for past violations of federal law, including [a] declaratory judgment, is barred." *Chinn v. City Univ. of N.Y.*, 963 F. Supp. 218, 225 (E.D.N.Y. 1997); *accord Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000).

Nor does it make a difference that the complaint seeks an injunction enjoining the MCAD defendants from "engaging is [sic] said procedures" in the future, because plaintiff lacks standing to assert such a claim. (Am. Compl. at 16). The complaint contains no facts suggesting that plaintiff will be "realistically threatened by a repetition of [her] experience" with the MCAD. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).[2] Instead, it asserts, without elaboration, that the MCAD "will in the future act in the same fashion towards *other* complainants." (Am. Compl. ¶ 112 (emphasis added)). Those allegations are insufficient to show that the MCAD will likely deprive plaintiff of her due-process rights in the future. Accordingly, the complaint "has not met the requirements for seeking an injunction in federal court." *Lyons*, 461 U.S. at 109.

---

[2] Plaintiff argues that there is a "virtual certainty" that the MCAD's conduct will be repeated, because the MCAD "would have vacated the no probable cause finding" if it had considered her due-process arguments. (Pl.'s Opp. at 12 (Docket No. 29)). However, that argument is directed to the MCAD's past conduct, not its future conduct.

To the extent plaintiff seeks an order requiring the MCAD Defendants to comply with state law, that too is barred. The complaint seeks an injunction enjoining the MCAD Defendants from engaging in conduct that violates the Massachusetts Constitution and Mass. Gen. Laws ch. 151B. This court is without power to order such relief. *See Pennhurst*, 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").

In summary, the claims against the MCAD defendants are barred under the Eleventh Amendment and related principles of federalism and for lack of standing.

## IV.    Conclusion

For the foregoing reasons, the motion of defendants Massachusetts Commission Against Discrimination, Sunila Thomas George, Neldy Jean-Francois, Monserrate Quiñones, and Deidre Hosler to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim upon relief can be granted is GRANTED.

**So Ordered.**

Dated: July 12, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court